IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11081
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAUL RAMIREZ-ZUNIGA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-38-D
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

     Raul Ramirez-Zuniga ("Ramirez") appeals his conviction for illegal reentry into the United States after deportation. Ramirez asserts that the district court erred in denying his pretrial motion to dismiss the indictment, as his prior deportation proceeding violated his due process rights.

     To prevail in a collateral challenge to a deportation order, the defendant must prove that the deportation hearing was fundamentally unfair and that the defective deportation hearing effectively eliminated his right to judicial review of the

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deportation order.  <u>United States v. Encarnacion-Galvez</u>, 964 F.2d 402, 406 (5th Cir. 1992).  A showing of fundamental unfairness in the deportation proceeding requires that the alleged procedural deficiencies caused the defendant actual prejudice.  <u>Id.</u> at 407.  Because Ramirez has not shown prejudice arising from the alleged procedural deficiencies in his deportation proceeding, the judgment of the district court is AFFIRMED.  Ramirez's "Motion for Leave to File a Supplemental Brief" is DENIED.  <u>See</u> Fed. R. App. P. 28(j); 5th Cir. R. 28.5.